IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MORENO,<br><br>                **Plaintiff**,<br>    v.<br><br>JAMES GOMEZ, ET AL.,<br><br>               **Defendants**. | CV F 98-5731 AWI LJO P<br><br>**ORDER DENYING MOTION TO REOPEN CASE**<br><br>(Document #19) |

### BACKGROUND

On June 24, 1998, when Plaintiff was an inmate in the custody of the California Department of Corrections, Plaintiff filed this action against prison officials. On August 28, 1998, the Magistrate Judge found the complaint stated a claim. On April 16, 1999, the Magistrate Judge ordered Plaintiff to submit USM-285 forms and completed summons for each defendant so that the United States Marshals could serve the defendants. Plaintiff never complied with the Magistrate Judge's April 16, 1999 order and never contacted the court for additional time in which to comply.

Because the summons information was necessary for the court to proceed with this action, on June 23, 1999, the Magistrate Judge filed Findings and Recommendations that recommended this action be dismissed for Plaintiff's failure to comply with the April 16, 1999 order. These Findings and Recommendations were served on Plaintiff and contained notice that any objections could be filed. After Plaintiff did not file objections and again did not contact the court, on August 13, 1999, the court adopted the Findings and Recommendations and dismissed

this action for Plaintiff's failure to comply with a court order. The Clerk of the Court entered judgement the same day.

Some seven years later, on October 17, 2006, Plaintiff filed a request to re-open this action.

**LEGAL STANDARD**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment. Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A judgment is not properly reopened "absent highly unusual circumstances." Id.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Pursuant to Rule 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. School Dist. No. 1J Multnomah County, 5 F.3d at 1263. A Rule 60(b)(6) motion must be brought "within a reasonable time," and if it is brought for reasons of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, it must be brought within one year. Fed.R.Civ.P. 60(b). What constitutes a reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of

the grounds relied upon, and prejudice to other parties.  <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir.1981).

## DISCUSSION

The basis for Plaintiff's motion to re-open this case seven years after it was closed is not entirely clear.  Plaintiff alleges that he was paroled in 1999, and shortly there after moved out of his family's house to protect his family from people who were trying to kill him.  Plaintiff appears to contend that he could not prosecute this action and comply with court orders in 1999 because Plaintiff was homeless and living on the streets.  While not specifically saying so, it appears Plaintiff did not have an address at which he could receive court documents.  It is unclear why Plaintiff did not contact the court and ask that this action be stayed until a more permanent living situation could be arranged.

The court simply cannot find that Plaintiff has filed this motion to re-open within a reasonable time of the Clerk of the Court entering judgment.  This action has been closed for seven years.  During that time, Plaintiff filed nothing with the court and there is no indication Plaintiff attempted to prosecute this action in any way.   While the court might be sympathetic to a plaintiff who was without a permanent address for a short time, allowing Plaintiff to proceed after a seven year absence in prosecuting this action would prejudice the defendants and allow no finality to the judicial process.  The only changed circumstance to explain Plaintiff's renewed interest in this action appears to be that Plaintiff finds himself once again incarcerated.  Plaintiff has simply not demonstrated that he moved to re-open this action within a reasonable time from judgment being entered.

## ORDER

Accordingly, the court ORDERS that Plaintiff's motion to re-open this action is DENIED.

IT IS SO ORDERED.

**Dated:     October 24, 2006**                    **/s/ Anthony W. Ishii**
0m8i78                                             UNITED STATES DISTRICT JUDGE