1
2
3
4
5
6
7
8

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

9   **FRANCISCO MORENO,**                 )       **CV F 98-5731 AWI LJO P**
                                          )
10                          **Plaintiff**, )       **ORDER DENYING MOTION**
        **v.**                            )       **FOR RECONSIDERATION**
11                                        )
    **JAMES GOMEZ, ET AL.,**              )       (Document #25)
12                                        )
13                          **Defendants**. )
    _____      )

14
15                          **BACKGROUND**

16          On June 24, 1998, when Plaintiff was an inmate in the custody of the California

17   Department of Corrections, Plaintiff filed this action against prison officials.   The Magistrate

18   Judge found the complaint stated a claim, and on April 16, 1999, the Magistrate Judge ordered

19   Plaintiff to submit USM-285 forms and completed summons for each defendant so that the

20   United States Marshals could serve the defendants.   Plaintiff never complied with the Magistrate

21   Judge's April 16, 1999 order and never contacted the court for additional time in which to

22   comply.   Because the summons information was necessary for the court to proceed with this

23   action, on August 13, 1999, the court dismissed this action for Plaintiff's failure to comply with

24   the April 16, 1999 order.   On August 13, 1999, the Clerk of the Court entered judgement.

25          On October 17, 2006, Plaintiff filed a request to re-open this action.   On October 25,

26   2006, the court denied Plaintiff's request.   After noting that Plaintiff had failed to contact the

27   court in any fashion for seven years, the court found that allowing Plaintiff to proceed after a

28   seven year absence in prosecuting this action would prejudice the defendants and allow no

1   finality to the judicial process.

2          Plaintiff has now filed a motion for reconsideration of the October 25, 2006 order

3   denying Plaintiff's motion to re-open this case.

4                                        **LEGAL STANDARD**

5          The court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d

6   1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992).

7   Motions for reconsideration are disfavored, however, and are not the place for parties to make

8   new arguments not raised in their original briefs.  <u>Northwest Acceptance Corp. v. Lynnwood</u>

9   <u>Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the

10   court to rethink what it has already thought.  <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112,

11   1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with

12   the Court's decision, and recapitulation of the cases and arguments considered by the court before

13   rendering its original decision fails to carry the moving party's burden."  <u>U.S. v. Westlands</u>

14   <u>Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed

15   to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir.

16   1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must

17   set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

18   decision.  <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665

19   (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

20                                         **DISCUSSION**

21          Plaintiff has simply not provided additional facts or law that would compel this court to

22   reconsider its October 25, 2006 order declining to re-open this action.    Plaintiff's motion for

23   reconsideration provides only his disagreement with the court's decision.    Contrary to Plaintiff's

24   assertions in his motion for reconsideration, this action was not dismissed because the court

25   found Plaintiff's rights were not violated.    Rather, this action was dismissed because of

26   Plaintiff's failure to prosecute this action.    Plaintiff also contends that this court was required to

27

28                                      2

1  appoint him an attorney, and by failing to appoint an attorney, it is the court's fault, rather than

2  Plaintiff's fault, that this action was not litigated.  Contrary to Plaintiff's assumption, the court

3  cannot compel an attorney to represent a plaintiff in a civil action.  Mallard v. United States

4  District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional

5  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

6  § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).   At the time Plaintiff

7  requested counsel, the court could not find that the court's limited resources to appoint counsel

8  were necessary.

9  **ORDER**

10  Accordingly, the court ORDERS that Plaintiff's motion for reconsideration of the court's

11  October 25, 2006 order denying Plaintiff's motion to re-open this action is DENIED.

12  IT IS SO ORDERED.

13  **Dated:   June 13, 2007**          _____/s/ Anthony W. Ishii_____
                                                      UNITED STATES DISTRICT JUDGE

3